Rosen & Kantrow, PLLC
*Attorneys for Allan B. Mendelsohn, Trustee*
38 New Street
Huntington, New York 11743
631 423 8527
Fred S. Kantrow

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

          PETLAND DISCOUNTS, INC.,

                                  Debtor.
-----------------------------------------------------------x

Case No.: 19-72292-reg
Chapter 7

### TRUSTEE'S APPLICATION SEEKING THE ENTRY OF AN ORDER APPROVING A LEASE TERMINATION AGREEMENT

TO:    HON. ROBERT E. GROSSMAN
          UNITED STATES BANKRUPTCY JUDGE

Allan B. Mendelsohn, the interim trustee (the "Trustee"), by and through his counsel, Rosen & Kantrow, PLLC, respectfully submits this as and for his application (the "Application") seeking the entry of an Order, substantially in the form of the proposed Order annexed hereto, approving the least termination agreement (the "Termination Agreement"), substantially in the form of the proposed Termination Agreement annexed hereto as Exhibit A, and states as follows:

### JURISDICTION AND VENUE

1.    The United States Bankruptcy Court for the Eastern District of New York has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    Relief is sought under sections 105, 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### BACKGROUND

4.  On March 28, 2019 (the "Petition Date"), Petland Discounts, Inc., the debtor (the "Debtor") filed a voluntary petition for relief pursuant to chapter 7 of the Bankruptcy Code. Allan B. Mendelsohn was appointed interim Trustee.

5.  Prior to the Petition Date, the Debtor was a tenant in connection with approximately eighty-one (81) leases for non-residential real property (the "Leases"). The Debtor's monthly rent for these Leases is approximately $865,944.00. Prior to the Petition Date, the Debtor's pre-petition arrears associated with the Leases was approximately $2,700,000.

6.  The Trustee believes that terminating the Leases will maximize the recovery to the creditors in this estate. Thus, he moves for the relief sought herein.

**RELIEF SOUGHT**

7.  The Trustee, in conjunction with A&G Realty Partners, LLC ("A&G") the retention of which is sought by separate application, has determined that the proposed Termination Agreement will allow the estate to maximize the return for creditors while at the same time eliminate, or at least mitigate, both the Pre-Petition rent claims; rejection damage claims and administrative claims, against the estate.

8.  The Termination Agreement proposes a payment to the estate and the waiver of claims against the estate, in exchange for the immediate turn over of the space to the respective landlord. The Trustee believes that there is an urgency in returning the space due to the significant administrative expense that would otherwise be the estate's responsibility.

9.  Section 363(b)(1) of the Bankruptcy Code authorizes the Court, after notice and a hearing, to authorizes a trustee to "use, sell, or lease, other than in the ordinary course of business, property of the estate. To approve the use, sale or lease of property other than in the

ordinary course of business, the court must find some sound business purpose that satisfies the business judgment test.

*See, e.g., Licensing By Paolo, Inc., v. Sinatra (In re Gucci)*, 126 F.3d 380, 387 (2d Cir. 1997); *In re Lionel Corp.,* 722 F.2d 1063, 1070 (2d Cir. 1983); *In re Global Crossing Ltd.,* 295 B.R. 726, 743 (Bankr. S.D.N.Y. 2003); *In re Ionosphere Clubs, Inc.,* 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989).

10. Here, sound business reasons exist to justify terminating the rights under the Leases pursuant to the proposed Termination Agreement. Indeed, allowing Trustee to proceed with the proposed Termination Agreement shall maximize return to the creditors of this estate by relieving the estate of the Leases that continue to be a drain on the estate. Once the Trustee has articulated a valid business justification, there is a strong presumption that the agreement proposed was negotiated in good faith and is in the best interests of the estate. *In re Johns-Mamnville Corp.,* 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986).

11. The Trustee believes that the proposed Termination Agreement will maximize the recovery for the estate while at the same time extinguishing or at least reducing the claims against the estate. The Termination Agreement constitutes, in the Trustee's reasonable business judgment, the highest or otherwise best possible recovery for the Leases under the facts and circumstances herein. As such, the Trustee's determination to dispose of the Leases in this manner, will save the estate from future administrative claims as well as reduce pre-petition claims against the estate. Therefore, the Trustee requests that this Court determine that this is an appropriate exercise of the Trustee's business judgment.

## **WAIVER OF STAY**

12. Rule 6004(h) of the Bankruptcy Rules provides that an "order authorizing the use,

sale, or lease of property . . . is stayed until the expiration of fourteen days after the entry of the order, unless the Court orders otherwise. Additionally, Rule 6006(d) of the Bankruptcy Rules provides that an "order authorizing the trustee to assign an executory contract or unexpired lease . . . is stayed until the expiration of fourteen days after the entry of the order, unless the Court orders otherwise. The Trustee requests that the Order be effective immediately upon its entry by providing that the fourteen-day stays under both Rules 6004(h) and 6006(d) be deemed waived.

13. The purpose of Rules 6004(h) and 6006(d) is to provide sufficient time for an objecting party to appeal before an order may be implemented. Although Bankruptcy Rules 6004(h) and 6006(d) are silent as to when the Court should "order otherwise" and eliminate or reduce the fourteen-day stay period, the leading treatise on bankruptcy suggests that the fourteen-day stay should eliminated to allow a sale or other transaction to close immediately "where there has been no objection to procedure." 10 Collier on Bankr. ¶ 6004.10 (15th rev. ed. 2006). Moreover, if an objection is filed and overruled, and the objecting party informs the Court of its intent to appeal, the stay may be reduced to the amount of time actually necessary to file such an appeal. *Id.*

14. To maximize the recovery for the estate, the Trustee seeks to immediately turn over any and all non-residential real property pursuant to and consistent with the Termination Agreement. Accordingly, the Trustee hereby requests that this Court waive the fourteen-day stay periods under Rules 6004(h) and 6006(d).

## NO PRIOR REQUEST

15. The Trustee has not made any application to this, or any other Court, seeking the relief contained herein.

WHEREFORE, the Trustee respectfully requests that this Honorable Court enter an Order, substantially in the form of the proposed Order annexed hereto, authorizing the Trustee to enter into the proposed Termination Agreement, together with such other and further relief this Court deems just and proper under the facts and circumstances herein.

Dated: Huntington, New York
April 5, 2019

        Rosen & Kantrow, PLLC
        Attorneys for Allan B. Mendelsohn

BY:   <u>S/Fred S. Kantrow</u>
        Fred S. Kantrow
        38 New Street
        Huntington, New York 11743
        631 423 8527
        Fkantrow@rkdlawfirm.com