Rosen & Kantrow, PLLC
*Attorneys for Allan B. Mendelsohn, Trustee*
38 New Street
Huntington, New York 11743
631 423 85127
Fred S. Kantrow

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | RETURN DATE: **4/29/19** |
| EASTERN DISTRICT OF NEW YORK | TIME: **9:30 a.m.** |

-----------------------------------------------------------x
In re:

       PETLAND DISCOUNTS, INC.,

                                Debtor.

Case No.: 19-72292-reg
Chapter 7

-----------------------------------------------------------x

### TRUSTEE'S APPLICATION FOR ORDER AUTHORIZING
### RETENTION OF CBIZ ACCOUNTING, TAX &
### ADVISORY OF NEW YORK, LLC
### AS FINANCIAL ADVISOR, *NUNC PRO TUNC* TO MARCH 29, 2019

TO:    HONORABLE ROBERT E. GROSSMAN
         UNITED STATES BANKRUPTCY JUDGE

Allan B. Mendelsohn, as interim trustee (the "Trustee") of the estate of Petland Discounts, Inc., the debtor ("Debtor", in this Chapter 17 case, by and through his attorneys, Rosen & Kantrow, PLLC, respectfully submits this as and for its application ("Application") seeking entry of an Order authorizing Debtor to retain CBIZ Accounting, Tax & Advisory of New York, LLC ("CBIZ"), as Financial Advisors to Trustee, *nunc pro tunc* to March 29, 2019, under Sections 105, 327 and 328 of Title 11, United States Code ("Bankruptcy Code"); Rule 2014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"); and the Local Rules for the United States Bankruptcy Court for the Eastern District of New York, and respectfully states as follows:

### BACKGROUND

1. Debtor filed a voluntary petition for relief pursuant to Chapter 7 of Title 11, United States Code ("Bankruptcy Code") on March 28, 2019 ("Petition Date").

2. Debtor operated more than one hundred (100) stores over a period of thirty plus (30) years. While the Debtor engaged in efforts to reduce a portion of its inventory to cash, there

are substantial amounts of inventory that must be liquidated for the benefit of the creditors of the estate.

3. The Trustee has had the opportunity to visit the corporate office/warehouse in order to obtain an understanding of the magnitude of documents, books and records, equipment, inventory and the like.

4. In order to perform a complete analysis of the Debtor's finances, the Trustee seeks to retain CBIZ to assist him in conducting the analysis. CBIZ accompanied the Trustee and his counsel to the onsite visit of the corporate office and warehouse. In addition, CBIZ was able to speak with a representative of the Debtor in order to obtain certain information essential to the Trustee's ability to perform his fiduciary obligations.

## RELIEF SOUGHT

5. Trustee requires the immediate assistance of a financial consultant to review all of the Debtor's books and records. CBIZ will review the Debtor's books and records to ensure that all payroll taxes; sales tax; and the like, have been properly accounted for any remitted. CBIZ will prepare W-2 and other payroll related documents. CBIZ will review the books and records to complete an analysis that will be essential in determining whether the estate has preference and/or fraudulent conveyance actions to prosecute.

6. Trustee made diligent inquiry into the qualifications and competence of CBIZ and is advised that by reason, ability, integrity and professional experience, that CBIZ is capable of providing proper accounting services to Trustee. Applicant believes that CBIZ has no connection with any creditor or interested party herein and represents no interest adverse to Trustee or the estate. A copy of the affidavit of Esther Duval, a managing director of CBIZ in support of the Application is annexed hereto.

7. Trustee seeks to engage the services of CBIZ to perform financial consulting/accounting services for Trustee subject to the approval of this Court.

8. Trustee believes that CBIZ is disinterested, as that term is defined in 11 U.S.C. Section 101(14) since:

    (a) CBIZ is not a creditor, equity security holder or insider;

    (b) Debtor's shares are not publicly traded and no investment banker has been employed for Debtor;

    (c) CBIZ is not and has never been an officer, director or employee of Debtor or any investment banker,

    (d) CBIZ does not have any interest materially adverse to the interest of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in Debtor.

9. Compensation to CBIZ as financial consultant to Trustee, as to all matters to be awarded, is subject to proper application to this Court therefore, subject to final approval of the Court upon proper notice and after a hearing.

10. Trustee seeks to retain CBIZ *nunc pro tunc* to March 29, 2019, based upon CBIZ having assisted Trustee in the inspection of the Debtor's books and records.

**WHEREFORE**, Trustee requests the appointment of CBIZ as financial consultant for Trustee, at such compensation as this Court allows.

Dated: Huntington, New York
       April 2, 2019

                      Rosen & Kantrow, PLLC
                      *Attorneys for Trustee*

              BY:    <u>S/Fred S. Kantrow</u>
                     Fred S. Kantrow
                     38 New Street
                     Huntington, New York 11743
                     631 423 8527
                     fkantrow@rkdlawfirm.com