Rosen & Kantrow, PLLC
*Attorneys for Allan B. Mendelsohn, Trustee*
38 New Street
Huntington, New York 11743
631 423 8527
Fred S. Kantrow

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | RETURN DATE: **4/29/19** |
| EASTERN DISTRICT OF NEW YORK | TIME: **9:30 a.m.** |

-----------------------------------------------------------x

In re:

                  PETLAND DISCOUNTS, INC.,

                                  Debtor.

Case No.: 19-72292-reg

Chapter 7

-----------------------------------------------------------x

## TRUSTEE'S APPLICATION TO SELL ALL INVENTORY AND CERTAIN FURNITURE, FIXTURES AND EQUIPMENT AT THE WAREHOUSE OF PETLAND DISCOUNTS, INC., ON AN AS IS, WHERE IS BASIS AND FREE AND CLEAR OF ANY AND ALL LIENS AND ENCUMBRANCES

Allan B. Mendelsohn, the interim trustee (the "Trustee") herein, by and through his counsel, Rosen & Kantrow, PLLC, respectfully submits this as and for his application (the "Application") seeking the entry of an Order, substantially in the form of the proposed Order annexed hereto, authorizing the Trustee to conduct an auction sale (the "Auction") on May 16, 2019 at 11:00 a.m. prevailing eastern time, at the Petland Discounts, Inc. warehouse located at 355 Crooked Hill Road, Brentwood, New York (the "Warehouse") on an "As Is, Where Is" basis and free and clear of any and all liens and encumbrances, with any and all liens and encumbrances to attach to the proceeds of the sale to the same extent, validity and priority as they may have existed prior to the Petition Date, and states as follows:

### JURISDICTION

1.     The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

2.     Venue is proper before this Court pursuant to 28 U.S.C. § 1409. This matter is a

core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (G).

3.     The statutory predicate for the relief sought herein are sections 105(a) and 363(b) and(f) of the Bankruptcy Code.

## BACKGROUND

4.     Petland Discounts, Inc., the debtor (the "Debtor") filed a voluntary petition for relief pursuant to chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") on March 28, 2019 (the "Petition Date").  Allan B. Mendelsohn was appointed interim Trustee.

5.     The Debtor operated as a retail pet store and as a result has significant inventory consisting of pet food, supplies and accessories (the "Inventory").  In addition to the inventory, the Warehouse also served as the corporate office for the Debtor.  Accordingly, certain furniture, fixtures and office equipment shall also be made available at the Auction.  The Trustee notes that he has conducted a search to determine if there are any recorded valid liens against any of the property which is the subject of this proposed Auction.  His diligent search has indicated that there are no valid liens and encumbrances secured against any of the inventory or furniture, fixtures or equipment that constitute the property to be sold.  However, to the extent that any alleged secured creditor asserts such a lien, the Trustee seeks relief under section 363(f) to sell free and clear of any and all liens, claims and encumbrances.

## THE PROPOSED SALE

6.     As represented herein, the Trustee intends to sell, by and through his auctioneer, Maltz Auctions, Inc. ("Maltz"), all of the Inventory located at the Warehouse, on an "As Is, Where Is" basis, free and clear of any and all liens and encumbrances.  The Trustee makes no representations whatsoever as to the Inventory.  The Inventory may be sold in bulk or in lots.  If the

Inventory is to be sold in lots, the Trustee, in consultation with Maltz, may determine what constitutes a saleable lot.

7. In addition to the Inventory, the Auction also anticipates the sale of the contents of the offices maintained at the Warehouse. A bidder may make an offer to purchase the furniture, fixtures and equipment in bulk or in lots. These lots may be determined by the Trustee, in consultation with Maltz.

8. The Trustee intends to conduct the Auction at the Warehouse on May 16, 2019 at 11:00 a.m. prevailing eastern time. Prospective bidders may inspect the Inventory and the other items available for sale from 8:00 a.m. to 11:00 a.m. prevailing eastern time on May 16, 2019 prior to the Auction.

9. Each successful bidder must provide the Trustee with twenty-five (25%) percent of the successful bid amount (the "Initial Deposit"), by cash or cashier's check made payable to Maltz Auctions, Inc., or to Allan B. Mendelsohn as Trustee, which amount shall be paid by the successful bidder when declared the successful bidder. Thereafter, the successful bidder must pay to the Trustee the unpaid balance by not later than May 17, 2019 at 4:00 p.m. (the "Payment Deadline") time being of the essence to the successful bidder. The successful bidder will be responsible for removing and transporting its purchase from the Warehouse by not later than May 23, 2019. The removal may take place during the following times and the successful bidder must make arrangements for the removal in advance by contacting Maltz: (1) Friday, May 17, 2019 between the hours of 8:00 a.m. and 4:00 p.m.; (2) Monday, May 20, 2019 between the hours of 8:00 a.m. and 4:00 p.m.; (3) Wednesday, May 22, 2019 between the hours of 8:00 a.m. and 4:00 p.m. and Thursday, May 23, 2019 between the hours of 8:00 a.m. and 4:00 p.m. The successful bidder is solely responsible for the costs associated with removal.

10.     In the event that the successful bidder fails to pay the balance due by May 17, 2019 at 4:00 p.m. which is the Payment Deadline, the successful bidder's Initial Deposit shall be retained as liquidated damages (the "Liquidated Damages") and the Trustee shall be free to re-sell the items purchased.

11.     All successful bids shall be responsible to pay a buyer's premium in the amount of ten (10) percent (the "Buyer's Premium"). This Buyer's Premium shall be in addition to the successful amount bid.

## BASIS FOR THE RELIEF SOUGHT

12.     Section 363(b) of the Bankruptcy Code provides that a "trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . ." A trustee must demonstrate a sound business justification for a sale or use of assets outside the ordinary course of business. *See, e.g., Licensing By Paolo, Inc., v. Sinatra (In re Gucci)*, 126 F.3d 380, 387 (2d Cir. 1997); *In re Lionel Corp.,* 722 F.2d 1063, 1070 (2d Cir. 1983); *In re Global Crossing Ltd.,* 295 B.R. 726, 743 (Bankr. S.D.N.Y. 2003); *In re Ionosphere Clubs, Inc.,* 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989).

13.     Here, sound business reasons exist to justify selling the Inventory at an Auction. Indeed, allowing Trustee to proceed with the proposed Sale shall maximize return to the creditors of this estate by selling Debtor's assets which have value.

14.     Specifically, under Bankruptcy Code Section 363(f), a trustee may sell property of the estate free and clear of any interest in such property of an entity other than the estate only if, at least one of the following conditions is satisfied:

> (1)     applicable nonbankruptcy law permits sale of such property free and clear of such interest;

    (2)  such entity consents;
    (3)  such interest is a lien and the price at which such property is to be sold is greater than the aggregate vale of all liens on such property;
    (4)  such interest is in *bona fide* dispute; or
    (5)  such entity may be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

*11 U.S.C. § 363(f).*

15. Since Section 363(f) of the Bankruptcy Code is drafted in the disjunctive, satisfaction of any one of its five requirements shall suffice to approve the sale of the Collateral free and clear of liens, claims, encumbrances and interests. *Mich. Employment Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.),* 930 F.2d 1132, 1147, n.24 (6th Cir. 1991) (recognizing that Bankruptcy Code section 363(f) is written in the disjunctive, and holding that the court may approve a sale "free and clear" provided that at least one subsection of section 363(f) is met.) *See, also, In re Elliot,* 94 B.R. 343, 345 (Ed. Pa. 1988).

16. As discussed above, Trustee conducted an inquiry as to whether there are any validly perfected security interests encumbering the Inventory and other items to be sold, and determined that there are no valid liens.

17. The starting bid for the sale of the Inventory at auction shall be determined by the Trustee in consultation with his retained professionals. Due to the nature of the volume of the inventory and equipment and given the fact that is yet known whether the Inventory will be purchased in bulk, or in separate lots, Trustee and Maltz are unable to provide a numerical estimate of what the starting bid will be. Trustee respectfully submits that the intended auction sale of the Inventory is in accordance with the provisions of Section 363 of the Bankruptcy Code.

18. By virtue of the foregoing, it is respectfully requested that this Court authorize the

Trustee to sell the Inventory and other items free and clear of all liens, claims, encumbrances and other interests with such liens, claims, encumbrances and other interests to attach to the proceeds of sale pursuant to Section 363(b), (f) and (m) of the Bankruptcy Code.   The subject Inventory shall be sold "as is", "where is", "with all faults".  The Trustee makes no representations whatsoever as to the status or condition of any of the Inventory or other items intended to be offered.

### THE PROPOSED SALE IS IN THE BEST
### INTERESTS OF THE CREDITORS OF THE ESTATE

19. As set forth in detail above, Trustee believes that this proposed sale of the Estate's interest in the Inventory is in the best interest of the creditors of Debtor's estate.

20. Trustee believes that as the notice of this Application are (will) being sent to all of the parties who have thus far expressed an interest in this bankruptcy proceeding by filing a Notice of Appearance, and to all of the creditors of the estate, and to all vendor/manufacturers that Trustee established Debtor did business with.  Trustee believes that this will help ensure a fair and equitable bidding process to benefit the creditors of the estate.  A Notice of Sale will also appear on the Auctioneer's website.

### NOTICE

21. This Application has been filed with the Clerk of the Court and: (i) notice of the Application; and (ii) Application shall be provided to Debtor, Office of the United States Trustee, all parties who have filed notices of appearance in Debtor's case, all creditors, parties who have filed proofs of claims, and parties in interest, and known vendor/manufacturers.

### NO PRIOR REQUEST

22. No previous application for the relief requested herein has been made to this or any other court.

WHEREFORE, Trustee respectfully requests that this Court enter an Order, substantially in the form submitted herein: (i) authorizing the Trustee to sell the Inventory and other items, free and clear of all liens, claims, encumbrances and other interests with liens to attach to proceeds, and for other good and valuable consideration substantially in accordance with the terms and conditions; (ii) approving the form and manner of notice with respect to the auction hearing; and (iii) granting such other and further relief as this Court deems just and proper under the circumstances.

Dated: Huntington, New York
       April 10, 2019

                                    Rosen & Kantrow, PLLC
                                    Attorneys for Allan B. Mendelsohn

                    BY:   <u>S/Fred S. Kantrow</u>
                                    Fred S. Kantrow
                                    38 New Street
                                    Huntington, New York 11743
                                    631 423 8527
                                    Fkantrow@rkdlawfirm.com