UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                          Chapter 7

PETLAND DISCOUNTS, INC.                                      Case No. 19-72292-reg
*dba* ALL PET DISTRIBUTORS,

                                        Debtor.
-----------------------------------------------------------X

**ORDER UNDER BANKRUPTCY CODE SECTION 363  (I) AUTHORIZING TRUSTEE TO SELL TO THE STALKING HORSE PURCHASER OR TO THE HIGHEST AND BEST BIDDER AT AN AUCTION SALE THE ESTATE'S INTEREST IN A CERTAIN CLAIM OF A CLASS ACTION LAWSUIT; (II) SCHEDULING A HEARING TO APPROVE SUCH SALE TO THE HIGHEST AND BEST BIDDER; (III) APPROVING CERTAIN BIDDING PROCEDURES; AND (IV) APPROVING THE MANNER AND EXTENT OF NOTICE OF SUCH AUCTION HEARING**

UPON the motion (the "Motion") of Allan B. Mendelsohn, Chapter 7 Trustee (the "Trustee") of the Estate of Petland Discounts, Inc. *dba* All Pet Distributors (the "Estate"), by and through his attorneys, Rosen & Kantrow, PLLC, seeking entry of an Order under Section 363(a), (b), (f) and (m) of Title 11 of the United States Code and Rule 2002, 6004 and 9004 of the Federal Rules of Bankruptcy Procedure: (i) authorizing the Trustee's sale of the Debtor's interest in the claim (the "Claim") in connection to the class action lawsuit known as *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, Case No. 1:05 md-1720-JG-JO, filed in the United States District Court for the Eastern District of New York to the stalking horse purchaser, Optium Fund 3, LLC (the "Stalking Horse Purchaser") or to the highest and or best offer at public auction (the "Auction Sale"), free and clear of all liens, claims, encumbrances and other interests with such liens, claims, encumbrances and other interests to attach to the proceeds of the sale for good and valuable consideration, substantially in accordance with the terms and conditions set forth herein to the bidder with the highest and or best offer to be considered and approved by the Court at said hearing; (ii) approving the sale of the Claim to the Stalking Horse

Purchaser or other successful bidder; (iii) approving the terms and conditions for submitting offers and bidding procedures; (iv) approving the form and manner of notice with respect to the auction hearing (the "Sale Hearing"); and (v) granting such other and further relief as this Court deems just and proper under the circumstances; and the Motion having come on for a hearing before the Court on September 30, 2020; and there being no opposition to the relief sought or said opposition having been withdrawn or otherwise overruled; and the Trustee having appeared before the Court at the hearing; and Alex E. Tsionis, Esq., having appeared as counsel to the Trustee; and the Court, having considered the Motion and having determined that the Motion should be granted; it is hereby

**ORDERED**, the Motion is granted and the Trustee is authorized to sell the Estate's interest in the Claim in connection to the class action lawsuit known as *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, Case No. 1:05 md-1720-JG-JO, filed in the United States District Court for the Eastern District of New York, free and clear of all liens, claims, encumbrances and other interests with such liens, claims, encumbrances and other interests to attach to the proceeds of sale, pursuant to sections 363(a), (b), (f) and (m) of the Bankruptcy Code at public auction; and it is further

**ORDERED**, that the Trustee is hereby authorized to enter into the claim purchase agreement with the Stalking Horse Purchaser, which is annexed to the Motion; and it is further

**ORDERED**, that the Trustee is hereby authorized and empowered to take those steps necessary to sell the Claim as described herein, to the highest and/or best bidder free and clear of all liens, claims, encumbrances and/or other interests with such liens, claims, encumbrances and/or other interests to attach to the proceeds of sale; and it is further

**ORDERED**, that the Trustee's procedures for bidding set forth in his Motion are hereby approved; and it is further

**ORDERED**, that in the event that two (2) or more timely, conforming bids are submitted that meet the bidding requirements set forth in the Motion, then Rosen & Kantrow, PLLC shall conduct the Auction Sale **on November 2, 2020 at 11:00 a.m. (prevailing Eastern Time) either at the offices of Rosen & Kantrow, PLLC, 38 New Street, Huntington, New York 11743 or by video/telephone conference with bidders to be advised by Rosen & Kantrow, PLLC as to how they may access a video/telephone conference**; and it is further

**ORDERED**, that in the event that an Auction Sale takes place, the Court and, pursuant to the Court's Emergency Procedures during the COVID-19 Pandemic, shall schedule a telephonic hearing, **on November 9, 2020 at 9:30 a.m. before the Honorable Robert E. Grossman,** to determine whether to approve the sale of the Claim to the successful bidder.   Instructions for participating in a telephonic hearing using Court Solutions can be found on the Court's website (www.nyeb.uscourts.gov); and it is further

**ORDERED**, that that in the event that two (2) or more timely, conforming bids are not submitted that meet the bidding requirements set forth in the Motion, and as a result, the Auction Sale does not occur, the Court will not conduct any further hearings as to whether to approve the sale of the Claim, the sale of the Claim to the Stalking Horse Purchaser shall be approved in all respects and this Order shall serve as an Order confirming the sale to the Stalking Horse Purchaser; and it is further

**ORDERED**, that the Trustee shall serve a copy of this Order in accordance with the administrative Order entered in this case and on any party that has expressed an interest in the

Claim, by not later than five (5) days after the date of entry of this Order, and shall file an affidavit of service attesting to service of the Order; and it is further

**ORDERED**, that all liens, claims, interests and encumbrances shall, to the extent of their validity and in their order of priority, attach to the net proceeds of the Auction Sale; and it is further

**ORDERED** that the proceeds of the Auction Sale are to be held by the Trustee in a segregated account; and it is further

**ORDERED** that no funds, other than ordinary and customary closing expenses and costs, are to be disbursed without further order of the Court; and it is further

**ORDERED**, that the Trustee is hereby authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order; and it is further

**ORDERED,** that the Court shall retain jurisdiction to resolve any disputes arising or related to this Order and to interpret, implement and enforce the provisions of this Order.

**Dated: Central Islip, New York**
**October 9, 2020**

_____
**Robert E. Grossman**
**United States Bankruptcy Judge**